[Cite as *Axelrod v. Dept. of Commerce*, 2019-Ohio-1821.]

| | |
|---|---|
| DAVID F. AXELROD, et al. | Case No. 2018-01458PQ |
| Requesters | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| OHIO DEPARTMENT OF COMMERCE, DIVISION OF SECURITIES | |
| Respondent | |

{¶1} On November 26, 2018, requesters David Axelrod and Trina Goethals filed a complaint pursuant to R.C. 2743.75 alleging that respondent Ohio Department of Commerce, Division of Securities (DOC) denied access to public records in violation of R.C. 149.43(B). On November 30, 2018, requesters filed an amended complaint. On February 22, 2019, the court was notified that the parties had resolved four of the public records requests in mediation, but failed to resolve Requests Nos. 2 and 6. On March 6, 2019, DOC filed its response. On March 19, 2019, requesters filed a reply.

Axelrod sent DOC a public records request on July 12, 2018 that included:

2. Copies of all Division examination files and documents relating to Dock D. Treece, Treece Investment Advisory Corp. and/or Treece Financial Services, from January 1, 2008 through the present.

6. Copies of all communications between or among Division staff, attorneys and other employees, including paper correspondence, text messages, email, audio recordings and other electronic communications (whether on state-issued or personal devices), with any broker-dealer, investment advisor or other third party, who offered to sell or stated that it would sell, at no cost, advisor class shares to clients of other investment advisors.

(Response Exh. 1.) On July 16, 2018, DOC responded that its investigatory and trial preparation records were prohibited from release under R.C. 1707.12, but that it would review any publicly available documents. (Response Exh. 2.) On October 29, 2018,

DOC produced some records, but advised that the requests were otherwise denied as overly broad. DOC also denied the remaining records as subject to R.C. 1707.12(C), or to the attorney-client or attorney work product privileges. (Response Exh. 3 Followell Aff., Exh. A.) On November 14, 2018, DOC sent a letter clarifying its reasons for denial. (*Id.* Exh C.) Both response letters invited requesters to contact the DOC if they wished to discuss or amend the requests. (Followell Aff. at ¶ 13, Exhs. A, C.)

### Burdens of Proof Under the Public Records Act (PRA)

The burden is on requester to prove a violation of R.C. 149.43(B). In mandamus,

> [a]lthough the PRA is accorded liberal construction in favor of access to public records, "the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence."

(Citation omitted.) *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15. Claims pursuant to R.C. 2743.75 must likewise be established by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶2} If a public office asserts an exception to the PRA the burden of proving the exception rests on the public office. "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. Any doubt should be resolved in favor of disclosure. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

### Ambiguous or Overly Broad Requests

{¶3} A request that is ambiguous or overly broad may be denied. R.C. 149.43(B)(2). It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel.*

*Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. *See generally Gupta v. Cleveland*, Ct. of Cl. No 2017-00840PQ, 2018-Ohio-3475.

{¶4} Attorneys, accustomed to writing discovery instruments, are susceptible to writing public records requests as though they were interrogatories or requests for production of documents. While a person may request public records for use in civil litigation, *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, the standards for a proper public records request are distinctly different from the standards for civil discovery. For example, a discovery-style demand to conduct an officewide search for records containing information "regarding or related to" an agency program, organization, or person is improper as a public records request. *State ex rel. Thomas v. Ohio State Univ.* 71 Ohio St.3d 245, 245-246, 643 N.E.2d 126 (1994), cited with approval in *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10; *State ex rel. Thomas v. Ohio State Univ.* 70 Ohio St.3d 1437, 638 N.E.2d 1041 (1994). The Public Records Act does not

> compel a governmental unit to do research or to identify records containing selected information. That is, relator has not established that a governmental unit has the clear legal duty to seek out and retrieve those records which would contain the information of interest to the requester. *Cf. State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 179, 464 N.E.2d 556.

*State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, *3-4 (April 28, 1993), *aff'd*, 68 Ohio St.3d 117, 623 N.E.2d 1202 (1993).

{¶5} Judicial determination of whether an office has properly denied a request as ambiguous or overly broad is based on the facts and circumstances in each case, *Zidonis* at ¶ 26. In this case I find that Request No. 6, and Request No. 2 to the extent that it requests "all * * * documents relating to" three corporations, are ambiguous and overly broad requests that do not reasonably identify records sought by the requester.

**Request No. 6**

{¶6} First, Request No. 6 is not limited to any date range. *See Zidonis* at ¶ 21 (all complaint and litigation files for six years is overly broad); *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831, ¶ 1-3 (all prison orders and receipts for clothing/shoes for seven years is overly broad). Second, the request is not limited to a file type, department, record retention series, a single topic,[1] or any other means of determining the boundaries of the request. Third, the request demands "all communications between or among Division staff, attorneys and other employees," which would include all employees carbon- or blind-copied, not just senders and primary recipients. Fourth, instead of naming specific third parties, the request demands communications "with any broker-dealer, investment advisor or other third party, who offered to sell or stated that it would sell, at no cost, advisor class shares to clients of other investment advisors relationship to various organizations." A request is ambiguous or overly broad when it identifies correspondents only as belonging to titles, groups or categories, for which research by the office is required to recognize such membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, *overturned on other grounds*; *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety,* Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247*,* ¶ 11. Fifth, the request is overly broad in requesting a search through the office's entire email system and paper files for any correspondence. A public office is not obliged to "seek out and retrieve those records which would contain the information of interest to the requester." *Fant v. Tober*, *supra. See State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001) (all records "containing any reference whatsoever to [requester]"); *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous.*

---

[1] The last clause, referring to any "third party, who offered to sell * * *, at no cost, advisor class shares to clients of other investment advisors," requires research rather than identifying a category by which the DOC's records are organized and maintained.

*Auth.*, 190 Ohio App.3d 218, 2010-Ohio-3416, ¶ 7-11 (8th Dist.) (all records containing information about injury claims), *rev'd in part on other grounds*; *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-15 ("[a]ny and all email communications * * * which reference * * * the 'evidence-based model' or education funding in general") (first ellipsis sic); *State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 246, 643 N.E.2d 126 (1994) (information "regarding or related to" any pro-animal-rights action group or individual); *State ex rel. Youngstown Publ'g Co. v. Youngstown*, 7th Dist. Mahoning No. 05MA66, 2006-Ohio-7272, ¶ 28-32 ("asking for all records concerning when and where negotiations took place and between whom is not a request for a specific document.") A request for records "regarding" an office operation is improperly ambiguous and overly broad, and requires a search rather than reasonably identifying the records sought. *Gannett GP Media* at ¶ 12.

{¶7} I find that Request No. 6 is ambiguous and overly broad, does not reasonably identify the records sought, and is thus unenforceable under the Public Records Act.

**Request No. 2**

{¶8} Request No. 2 seeks, in part, "all * * * documents relating to" three corporations during a ten-year period. This part of the request is not limited to a reasonably short time period, an examination file, a department, a record retention series, a single topic, or any other means of determining the boundaries of the request. The request is ambiguous and overly broad in requiring a search through "all documents" of the office, of any nature, during a ten-year period. I find that this portion of Request No. 2 is improperly ambiguous and overly broad, does not reasonably identify the records sought, and is therefore unenforceable under the Public Records Act.

**Embedded Request**

{¶9} A proper request embedded within an otherwise ambiguous or overly broad request may be enforceable. In *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 1, 17-24, a request for six months-worth of a state representative's email was found overly broad, but an embedded request – "including, but not limited to [a particular bill]" – was sufficiently narrow to be a proper request. *See also Strothers v. Keenon*, 8th Dist. Cuyahoga No. 103313, 2016-Ohio-405, 59 N.E.3d 556, ¶ 24-30 (clarified request "ordered released in the spirit of R.C. 149.43, which requires the Public Records Act to be liberally construed in favor of disclosure.").

{¶10} Request No. 2 contains a severable request for "all Division examination files * * * relating to Dock D. Treece, Treece Investment Advisory Corp. and/or Treece Financial Services, from January 1, 2008 through the present." The request is made to an agency that conducts examinations of regulated entities. R.C. 1707.23. The DOC must of necessity organize examination files by the names of the entities subject to an examination. This portion of the request is thus reasonably limited by subject matter and by the entities concerned. While the time period of ten years was found overly broad above for a search of "all documents," Axelrod notes that the responsive records that have been provided by the DOC demonstrate the agency's ability, in this instance, to identify three responsive examinations during that time period. (Reply at 3.) I find that this embedded request was not impermissibly ambiguous or overly broad. See *Kesterton v. Kent State Univ.*, Slip Opinion No. 2018-Ohio-5110 at ¶ 23-27.

**Suggestion of Mootness**

{¶11} The DOC undertook efforts to satisfy the requests, providing Axelrod with some responsive records. (Followell Aff. at ¶ 15-16.) In an action to enforce R.C. 149.43(B), a public office may produce requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. I recommend that the

court find the claim is moot to the extent that the DOC has provided particular responsive records.

**Exceptions Asserted**

{¶12} The Public Records Act requires a public office to disclose records upon request unless an exception applies. *State ex rel. Perrea v. Cincinnati Pub. Sch.,* 123 Ohio St.3d 410, 2009-Ohio-4762, 916 N.E.2d 1049*,* ¶ 15-16. An exception is a state or federal law prohibiting or excusing disclosure of items that otherwise meet the definitions of a "record" of a "public office," including those listed in R.C. 149.43(A)(1).[2] The parties do not dispute that the DOC is a public office, or that the documents requested in this matter are records of the DOC.

{¶13} With respect to the surviving portion of Request No. 2, the DOC asserts exceptions from disclosure pursuant to: 1) R.C. 1707.12(C) exempting a) information obtained by the division through any investigation, b) confidential law enforcement investigatory records, and c) trial preparation records; 2) R.C. 1707.12(B) prohibiting targets of Division investigations from accessing investigatory information obtained by the Division; 3) common-law attorney-client work product; and 4) attorney work product.

{¶14} Although the DOC states that "R.C. 1707.12 is the sole provision governing information collected by the Division" and that R.C. 149.43 is "inapposite" and "[does] not apply" to DOC records (Response at 8-9), I find that R.C. 1707.12 can be analyzed like any other exception. See *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities*, 68 Ohio St.3d 426, 430-431, 627 N.E.2d 993 (1994) ("R.C. 1707.12 appears to be an exception to the general public records provision"). Despite the wording used in the cited cases, R.C. 1707.12 operates as a statute exempting records from disclosure under the "catch-all" exception in the Public Records Act:

"Public record" does not mean any of the following:

* * *

_____

[2] The terms "exception" and "exemption" are used interchangeably in case law, and in this report.

(v) Records the release of which is prohibited by state or federal law.

R.C. 149.43(A)(1), (A)(1)(v). Further, the parties implicitly agree that R.C. 149.43 does apply here. Axelrod brought the action pursuant to R.C. 149.43(C)(1). DOC has not moved to dismiss for lack of jurisdiction of this court over a mandamus action to enforce R.C. Chapter 1707 *apart* from R.C. 149.43. *See Dancy v. Molitoris*, 10th Dist. Franklin No. 09AP-749, 2010-Ohio-1382, ¶ 5 ("The Court of Claims * * * has no authority to allow writs of mandamus."). I recommend that the court find this action is properly brought and may be determined under R.C. 149.43(C) and R.C. 2743.75, including the application of R.C. 1707.12 as a statutory exception to public records disclosure.

R.C. 1707.12(B) provides, in pertinent part:

(B) Information obtained by the division * * * through any investigation shall be retained by the division and shall not be available to inspection by persons other than those having a direct economic interest in the information or the transaction under investigation, or by law enforcement agencies, state agencies, federal agencies, and other entities as set forth by rules adopted by the division.

Requesters seek documents contained in examination files from 2013, 2015, and 2017. (Reply at 3.) "The Parties were able to agree, or the Petitioners withdrew," requests for complaints concerning Treece entities, and for the deficiency letters that resulted from the examinations. (Reply at 1; Exh. 1.) The remaining documents in the examination files thus consist of information gathered during the investigation.

{¶15} In *State ex rel. Cincinnati Enquirer v. Joyce*, 97 Ohio St.3d 192, 2002-Ohio-5807, 777 N.E.2d 253, the phrase "information obtained by the division through any investigation" was held to mean any information obtained "during the entire period of" an investigation. *Id.* at ¶ 15-16. As in *Joyce*, the evidence in this case is uncontroverted that the contents of requested examination files were obtained through the investigatory enforcement power of the DOC. (Followell Aff. at ¶ 4-6.) Requester's clients, the real parties in interest for these requests (Am. Complaint at ¶ 1), are not among "those

having a direct economic interest in the information * * * under investigation." *Dublin Securities* at 432. The text of R.C. 1707.12(B) sets no time limit on the prohibition against disclosure of such information. I find that the exemption in R.C. 1707.12(B) encompasses the entire examination files, and justified the DOC's denial of the embedded request in Request No. 2.

{¶16} Since the findings of overbreadth, and the operation of R.C. 1707.12(B), are together sufficient to dispose of all claims before the court, I find it unnecessary to address the other exceptions asserted by the DOC.

**Conclusion**

{¶17} Upon consideration of the pleadings and attachments, I recommend the court grant respondent's motion to dismiss requester's claim for production of records in response to Requests Nos. 2 and 6 to the extent that those requests are ambiguous and overly broad. I further recommend that the court deny requester's claim for production of records from examination files gathered during investigation, pursuant to R.C. 1707.12(B).

{¶18} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed April 2, 2019**
**Sent to S.C. Reporter 5/10/19**