[Cite as *Mitchell v. Ohio Ethics Comm.*, 2020-Ohio-5590.]

| | |
|---|---|
| GEOFFREY C. MITCHELL | Case No. 2019-01182PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO ETHICS COMMISSION | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides that upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12.

{¶2} On October 9, 2019, requester Geoffrey Mitchell made a public records request to Paul Nick, the Executive Director for respondent the Ohio Ethics Commission (OEC or commission):

> Please produce copies of any records, documents and/or communications pertaining financial [sic] compensation or any other "thing of value" paid to or on behalf of any UT trustee from 2013 - present. This request includes but is not necessarily limited to annual financial disclosure statements by UT Trustees which I assert should be available for public inspection pursuant to R.C. § 102.02(B).

(Complaint at 6.) On October 11, 2019, Nick sent a response (Complaint at 9-10) enclosing redacted copies of financial disclosure statements filed by University of Toledo trustees for the calendar years 2013-2018. (Reply, Bates Nos. 000001-000305.)

{¶3} On December 23, 2019, Mitchell filed this action pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Following

unsuccessful mediation, the OEC filed a combined motion to dismiss and response to complaint (Response) on February 13, 2020. Mitchell filed a reply on March 2, 2020, and filed supplemental documents on October 14, 2020.

**Burdens of Proof**

{¶4} Ohio's Public Records Act (PRA or Act) is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7. In an enforcement action under R.C. 2743.75, a requester must establish public records violations by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶5} If a public office asserts an exception to the PRA, the burden of proving the exception rests on the public office. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 15. Exceptions to disclosure under the Act must be strictly construed against the public-records custodian, and the custodian bears the burden to establish applicability of an exception. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. *Id.*; *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. Any doubt should be resolved in favor of disclosure of public records. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

**Motion to Dismiss**

{¶6} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it

must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶7} The OEC moves to dismiss the complaint on the grounds that the request was overly broad, but that it has rendered all claims moot by providing Mitchell with copies of responsive financial disclosure forms. The OEC asserts that the redacted portions of the forms are exempt from disclosure pursuant to R.C. 102.02(B) and .07.

**Ambiguous or Overly Broad Request**

{¶8} It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request that is ambiguous or overly broad may be denied. R.C. 149.43(B)(2). Judicial determination of whether an office has properly denied all or part of a request as ambiguous or overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26.

{¶9} The court need only consider the portion of a public records request that the requester claims has been denied in violation of R.C. 149.43(B). Although several broader requests are apparent in the attachments, Mitchell's complaint states:

> Requestor submits this complaint under R.C. 2743.75(D) alleging to this Court that the Ohio Ethics Commission ("OEC") has refused to produce certain annual financial disclosure statements of public university trustees as required by R.C. 149.43 and particularly 102.02(B).

This limited claim matches the specific request for "annual financial disclosure statements by UT Trustees" that is embedded in Mitchell's broader demand for "any records, documents and/or communications pertaining financial [sic] compensation or any other 'thing of value' paid to or on behalf of any UT trustee from 2013 - present." *See State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 1, 17-24 (a request for six months-worth of email was found overly broad, but an

embedded request, "including, but not limited to [a particular legislative bill]," was sufficiently narrow to be a proper request); *Axelrod v. Ohio DOC, Div. of Sec.*, Ct. of Cl. 2018-01458PQ, 2019-Ohio-1821, ¶ 9-10. I find that the embedded request here is not ambiguous or overly broad, and reasonably identifies the records sought.

{¶10} Neither the complaint nor the reply seek production beyond the specified financial disclosure statements, and the OEC's production of redacted financial disclosure statements in the requested date range shows that the office was aware of the particular records requested. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 37. Further, if the OEC had found the "disclosure statements" portion of the request ambiguous, it was under a mandatory duty to offer Mitchell an opportunity to revise the request. R.C. 149.43(B)(2). The OEC's perfunctory invitation to "contact me if you have any questions" did not satisfy the requirement in R.C. 149.43(B)(2) to "provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties." However, clarification of the embedded request was apparently unnecessary, as the OEC readily identified, processed, and delivered the financial disclosure statements responsive to the request.

{¶11} I recommend the court deny the motion to dismiss for ambiguity or overbreadth.

**Suggestion of Mootness**

{¶12} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. Between its October 11, 2019 response, and its later production of responsive records during mediation, the OEC asserts that it has provided Mitchell with copies of all records responsive to his request. Mitchell does not dispute

that the OEC provided him with redacted versions of all requested financial disclosure statements. I recommend the court find the claim moot only as to the unredacted portions that were produced.

{¶13} The remaining determination for the court is whether the OEC has proven that the redacted portions of the records fall squarely within a public records exception.

**Exception Claimed**

{¶14} R.C. 149.43(A)(1) sets forth a catch-all exception for "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). The OEC asserts that the requested records are excepted from disclosure by R.C. 102.02 and R.C. 102.07. As relevant here, these statutes provide that:

> Disclosure statements filed under this division with the Ohio ethics commission by members of boards, commissions, or bureaus of the state for which no compensation is received other than reasonable and necessary expenses shall be kept confidential,

R.C. 102.02(B), and, "No person shall divulge information that appears on a disclosure statement and is required to be kept confidential under division (B) of section 102.02 of the Revised Code." R.C. 102.07. The analysis of these exceptions will focus on the terms of R.C. 102.02(B), as the provisions of R.C. 102.07 are redundant.

{¶15} To meet its burden as the party asserting the exception, the OEC is required to prove, first, that the withheld records are 1) financial disclosure statements, 2) filed under R.C. 102.02(B) with the Ohio Ethics Commission, 3) by members of an eligible board of the state, and 4) were determined by the OEC not to indicate a possible conflict of interest. R.C. 102.02(B). However, division (B) next goes on to provide a conditional exclusion from the exception:

> *If the commission determines that a potential conflict of interest exists, it* shall notify the person who filed the disclosure statement and *shall make the portions of the disclosure statement that indicate a potential conflict of interest subject to public inspection* in the same manner as is provided for other disclosure statements. *Any portion of the disclosure statement that*

*the commission determines does not indicate a potential conflict of interest shall be kept confidential by the commission and shall not be made subject to public inspection,* except as is necessary for the enforcement of Chapters 102. and 2921. of the Revised Code and except as otherwise provided in this division.

(Emphasis added.) R.C. 102.02(B). Thus, after a record's initial status as an excepted disclosure statement is established, subsequent proof of a *commission determination* that a potential conflict of interest exists in any portion of the disclosure statement triggers an "exception to the exception," making that portion subject to public inspection. Mitchell argues that the requested records are excluded from the confidentiality protection of the statute because additional potential conflicts of interest exist in the redacted portions of one or more of the disclosure statements. Mitchell invited the court to examine the disclosure statements *in camera* and, considering the news articles and other material he has submitted in support, determine whether the OEC's determinations were correct or incorrect. However, the statutory basis for mandated public disclosure is not whether a potential (or actual) conflict of interest exists, but only whether the commission has determined that one exists. It is thus irrelevant to this court's task whether a potential conflict of interest exists for a trustee.

{¶16} Where an exception to the Public Records Act requires a public office to prove that a record meets substantive definitional standards, such as the exceptions for trade secret, R.C. 1333.61, et seq.; security and infrastructure records, R.C. 149.433(A); and attorney-client privilege, *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 21-27, the court must review evidence and determine whether the public office has proven each substantive element of the exception for each withheld record. Where an exception is based instead on the outcome of an administrative or judicial process, the court may consider only whether that process was properly followed and resulted in an outcome that that mandates confidentiality. For example, when a criminal conviction has been sealed pursuant to

R.C. 2953.32, a public records requester may challenge whether the sealing court followed the correct procedures under the sealing statute, but not how the judge weighed the sealing factors in his or her ultimate decision. *See, generally*, *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989. Mitchell does not appear to contest the first three elements of the four listed above for application of R.C. 102.02(B). Analysis thus turns to the fourth element of the exception, the commission's review and determination of potential conflicts of interest.

{¶17} The commission is required to review all newly submitted disclosure statements for potential conflicts of interest. R.C. 102.02(B). Although he disputes the accuracy of the determinations reached, Mitchell does not dispute that the commission made determinations as to which portions of each disclosure statement did and did not indicate potential conflicts of interest. The OEC's executive director affirmatively attests that commission staff reviewed the requested financial disclosure statements and requested relevant information from the agency for which the subject of the disclosure serves, and that the commission then applied the review and agency responses to make the determinations reflected in the records as released. (Response at 6-7, Nick Aff. at ¶ 10-12.) The OEC asserts that "[a]ny potential conflicts of interest that the Commission identified were left unredacted and open for inspection on the Trustees' financial disclosure statements provided to Mr. Mitchell, including those of Mr. Cavanaugh." (Response at 6-7.) While the OEC has not provided the court with its records documenting what potential conflicts were found,[1] or precisely where those potential conflicts exist in the unredacted sections of each disclosure statement, the

---

[1] The OEC describes records resulting from inspection of financial disclosure reports as "marked lists" created by commission staff. (Response, Nick Aff. at ¶ 10-12; Respondent's Aug. 19, 2020 Additional Filing at 7.) The decisions made by the commission based on these lists, and any other staff research and recommendations, are presumably documented as well. Mitchell's October 9, 2019 letter did not request any financial disclosure statement conflict lists, reviews, reports, or commission determinations as records sought.

sworn assertion that it has made the determinations and has disclosed those portions of the statements is sufficient to satisfy the terms of R.C. 102.02(B).

{¶18} I find that the OEC has met its burden of proof to show that the requested records fall squarely within the initial exception for state board member financial disclosure statements in R.C. 102.02(B) and R.C. 102.07. I further find that the OEC has submitted evidence that the redacted portions of the records as released are not subject to the conditional "exception to the exception" for records that the commission determines indicate a potential conflict of interest.

**Conclusion**

{¶19} Upon consideration of the pleadings, attachments, and responsive records filed under seal, I recommend the court find that the claim is moot as to the unredacted portions of the records provided by the OEC before and during litigation. I further recommend the court issue an order denying requester's claim for disclosure of additional information from the redacted portions of the records. I recommend that costs be assessed to requester.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed November 3, 2020**
**Sent to S.C. Reporter 12/8/20**