The STATE of Ohio, ex rel. ZAUDERER,

v.

JOSEPH et al.

[Cite as *State, ex rel. Zauderer, v. Joseph* (1989), 62 Ohio App.3d 752.]

Court of Appeals of Ohio,
Franklin County.

No. 87AP–1143.

Decided Sept. 12, 1989.

*George M. Sarap,* for relator.

*Ronald J. O'Brien,* City Attorney, for respondent Dwight Joseph.

*S. Michael Miller,* Prosecuting Attorney, and *Donald M. Collins,* for respondent Sheriff Earl Smith.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Deborah Piperni O'Neill,* for respondent Colonel Jack Walsh.

---

JOYCE J. GEORGE, Judge.

Relator, Philip Q. Zauderer, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Dwight Joseph, as Police Chief of the Columbus Police Department, Earl Smith, as Sheriff of the Franklin County Sheriff's Department, and Colonel Jack Walsh, as Superintendent of the Ohio State Highway Patrol, to make available for inspection and/or copying any and all traffic accident reports of record, alleged to be public records pursuant to the provisions of R.C. 149.43, Ohio's Public Records Act.

This matter was referred to Marie Furjanic, referee, pursuant to Civ.R. 53 and Section 13, Loc.R. 11 of the Tenth District Court of Appeals. The referee filed a report containing findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus on the basis that relator has failed to establish a clear legal right to the relief requested.

Relator Zauderer filed objections to the report and recommendation of the referee and took issue with the following findings:

"OBJECTIONS TO REFEREE'S REPORT

"The Relator hereby objects to the referee's report, filed March 6, 1989 and more specifically objects to the following:

"1. The relator objects to the finding that the reason for requesting the accident reports is relevant to the question to whether respondents are required to alter their methods of storage and retrieval.

"2. The relator objects to the finding that to require respondents to honor the relator's request would create unreasonable interference with the duties of the records custodian.

"3. Further, the relator objects to the finding that the government unit does not have to take extraordinary measures to satisfy relator's request.

"4. Notwithstanding objection number 3, the relator objects to the finding that extraordinary measures would need to be taken to satisfy relator's request.

"5. Relator objects to the finding that the respondents have established reasonable means to make their records available.

"6. Relator objects to the finding that the writ of mandamus be denied."

Respondent, Colonel Jack Walsh, Superintendent of the Ohio State Highway Patrol, concurs in the recommendation of the referee that the relator's petition for a writ of mandamus be denied, but objects to the referee's finding that accident reports filed pursuant to R.C. 5502.12 are open to the public. He asserts that accident reports which are prepared pursuant to R.C. 5502.12 require a demonstration of a beneficial interest before they can be disclosed.

 Upon an independent review of the evidence, this court adopts the report and recommendation of the referee as modified herein. R.C. 149.43 states that "[a]ll public records shall be promptly prepared and made available for inspection. * * *" There is no dispute that, considering a few exceptions, the documents requested by relator are public records and that the respondents have a duty to make the traffic accident reports available for inspection to any person at all reasonable times during regular business hours. See R.C. 149.43.

The issue in this case focuses not on the availability of the records requested, but rather on the method of retrieval used by the state, county and municipal governments, respectively, in compiling and disclosing such data. R.C.A 149.43 requires that these government entities "shall maintain public records in such a manner that they can be made available for inspection in accordance with this division." Relator's request, to inspect all accident reports filed on a given date, does not comport with the method of retrieval used by the county and the city of Columbus. Although the State Highway Patrol does catalog its traffic accident report information according to the date and the county of occurrence, there is no evidence that relator followed the procedure set forth by the State Highway Patrol and was ever denied the right to inspect the documents in the custodial care of the State Highway Patrol. Likewise, there is no evidence that relator was denied his right to inspect the county traffic accident reports which are cataloged in alphabetical order and must be requested by the name of the individual. Furthermore, there is no evidence that relator was denied this right to inspection by following the city's procedure of requesting information by providing a party's name, Social Security number or accident location.

R.C. 149.43(B) states, in pertinent part:

" * * * *Upon request,* a person responsible for public records shall make copies available at cost, within a reasonable period of time. * * * " (Emphasis added.)

A "request," unlike a demand, is the expression of a desire made to some person for something to be granted or done. Black's Law Dictionary (5 Ed.1979) 1172. It presupposes that the person to whom the request is made has the authority to deny or to grant the request. Like a motion, under Civ.R. 7(B)(1), however, a request must be specific and particularly describe what it is that is being sought. See *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. A general request, which asks for everything, is not only vague and meaningless, but essentially asks for nothing. At the very least, such a request is unenforceable because of its overbreadth. At the very best, such a request is not sufficiently understandable so that its merit can be properly considered.

The request, made by the relator here, cannot rise to the status of a request pursuant to R.C. 149.43, because it asks for all traffic reports. The indefiniteness of such a request renders it incapable of being acted upon and certainly unsuitable for mandamus. Moreover, this general request, even if it could be defined, is, first, unreasonable in scope and, second, if granted, would interfere with the sanctity of the recordkeeping process itself. R.C. 149.43 does not contemplate that any individual has the right to a complete duplication of the voluminous files kept by government agencies. The right to inspection is circumscribed by endangerment to the safety of the record and/or unreasonable interference with the discharge of the duties of the records custodian. *Barton v. Shupe* (1988), 37 Ohio St.3d 308, 525 N.E.2d 812. For information to be available to inspect, *albeit* to view or examine, it must be retrievable. The methods of retrieval employed by respondents comply with the Public Records Act and, accordingly, relator's objections to the referee's report are overruled. Likewise, respondent Colonel Jack Walsh's objections are overruled since R.C. 5502.12 does not change the results herein. The relator's request for a writ of mandamus is denied.

*Writ denied.*

REILLY and PEGGY L. BRYANT, JJ., concur.

JOYCE J. GEORGE, J., retired, of the Ninth Appellate District, sitting by assignment.