[Cite as *Parks v. Blanchester Bd. of Pub. Affairs*, 2021-Ohio-4653.]

| | |
|---|---|
| JOSHUA PARKS | Case No. 2021-00524PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| BLANCHESTER BOARD OF PUBLIC AFFAIRS, VILLAGE OF BLANCHESTER | |
| Respondent | |

{¶1} The Public Records Act (PRA or Act) requires a public office to make copies of requested public records available at cost and within a reasonable period of time. R.C. 149.43(B)(1). The Act is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides an expeditious and economical procedure to resolve public records disputes in the Court of Claims.

{¶2} On August 14, 2021, requester Joshua Parks sent an email request to the records clerk of respondent Village of Blanchester:

> Please send me any and all emails related to Blanchester Board of Public Affairs Director Ram Reddy, just send me the copies of his emails, you can forward them over to me if that's easier. Dates (January, 1 2021 to current which is August, 14 2021)
>
> If Ram Reddy is using his personal email for any business, Government, or Work use then that would also be available as public records and I would like those forwarded to me as well. If you need me to clarify more on the record request please let me know.

(Complaint at 3.) The clerk responded that the request was ambiguous and overly broad and invited Parks to provide the subject matter and time frame of the communications sought. She attached a copy of the Attorney General's 2021 Sunshine Law Manual as

guidance for revising the request. (*Id.*) On August 31, 2021 the records clerk advised the request had been closed for lack of the subject matter of emails sought. (*Id.* at 2.) Parks declined to provide that information or otherwise revise the request. (*Id.*)

{¶3} On September 14, 2021, Parks filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On September 28, 2021, the Village filed an answer (Response). Following unsuccessful mediation, the court offered the Village an opportunity to submit additional response by December 8, 2021. No further pleading has been filed.

**Burden of Proof**

{¶4} The Ohio Public Records Act, R.C. 149.43, is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

**Ambiguous and Overly Broad Requests**

{¶5} It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request that does not reasonably identify what public records are being requested may be denied. R.C. 149.43(B)(2). *See generally Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 22-29, and cases cited therein. Judicial

determination of whether an office has properly denied a request as ambiguous or overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26.

{¶6} In this case, the request is ambiguous and overly broad in multiple, overlapping ways. First, the request seeks "any and all emails related to" a named employee for an eight- and one-half month period. "Any and all" is a term of broad and complete inclusion, rather than one of specification and identification. It includes all email the employee has sent, received, or was cc'd or bcc'd on. It includes email about internal employment matters, office-distributed policies, training notices, other administrative correspondence, personal communications, and even spam messages, without exception. The Supreme Court has held that a request for "all e-mails sent or received by" a public official for a six-month period was overly broad and therefore improper. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 4-5, 16-19. *See also State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 11-16. As used here, the demand for "any and all" emails is independently sufficient to render the request ambiguous and overly broad.

{¶7} Separately, the broad but vague inclusion of all emails "*related to* [the employee]" sweeps in not just email to which the employee was a correspondent but any other email referring to the employee or referencing office matters with which he is involved. This is language of expansion and research rather than identification and clarity. It requires the Village to comb through each office email for any relationship with the employee rather than retrieve those reasonably identified by subject matter, search terms, and the like. *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001). *Accord State ex rel. Chasteen v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 13-AP-779, 2014-Ohio-1848, ¶ 23-27; *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-3651, ¶ 6-7, adopted by *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-4363, cited with approval in *Barnes v. Cleveland Div. of*

*Records Admin.*, 2021-Ohio-212, 167 N.E.3d 51, ¶ 43 (8th Dist.). *Compare State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 23-27 (A request for email is not overly broad if it is reasonably circumscribed by time period, subject matter, author or sender/recipient, and the like). The special master finds that the all-encompassing request for any email *related to* the employee is ambiguous, overly broad, and fails to reasonably identify the records sought.

{¶8} An office record kept on an employee's personal device as the record copy of email communication can be a public record. *See Sinclair Media III v. Cincinnati*, Ct. of Cl. No. 2018-01357PQ, 2019-Ohio-2624, ¶ 5-12 and cases cited therein. However, Parks' second request, in the second paragraph of his August 14, 2021 email, is even broader than the first in demanding personal email "for any business, Government, or Work use" without identifying particular correspondents, subject matter or even the date range sought. A request is ambiguous and overly broad when it identifies correspondents only as belonging to titles, groups, or categories for which research is required to establish membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, overturned on other grounds, 107 Ohio St.3d 1694, 2005-Ohio-6763, 840 N.E.2d 201. Even more so is Parks' request that the village research all of an employee's personal emails to identify those relating to "any business, Government, or Work use" without identifying the business, government, or work correspondents involved. The special master finds that Parks' second request, for records from the employee's personal email account, is ambiguous, overly broad, and does not reasonably identify the records sought.

### Opportunity to Revise an Ambiguous or Overly Broad Request

When denying an ambiguous or overly broad request, a public office must

provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

R.C. 149.43(B)(2). In his August 14, 2021 request, Parks offered: "If you need me to clarify more on the record request please let me know." (Complaint at 3.) The Village informed Parks the request was overly broad and took him up on his offer to clarify by asking him to provide subject matter and time frame for the emails sought. The Village further invited Parks to "[p]lease advise if you have any questions." (*Id.*) Parks did not provide any additional information or ask any questions. On August 31, 2021 the village advised Parks that the request was closed, i.e., denied, for lack of identifying subject matter. (*Id.* at 2, Answer at ¶ 3.) Parks apparently took this as a second request for subject matter and responded: "The matter will be filed in Court of Claims this week. I prefer the courts to determine what is available to me and what is not at this time." (Complaint at 2.) Based on the Village's invitation to revise the request, its repeated advice that email could be located based on subject matter, and its repeated urging that Parks consult the Attorney General's 2021 Ohio Sunshine Manual for guidance in crafting a proper request, the special master finds that the Village at least minimally met the requirements of R.C. 149.43(B)(2) to assist Parks in revising his request.

{¶9} Under these circumstances, courts have encouraged parties to persevere to achieve a mutually acceptable resolution of currently deficient records requests. *See State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-19. The General Assembly provides statutory tools to optimize the scope, speed, format, economy, and delivery of public records. *See* R.C. 149.43(B)(2), (3), (5), (6), (7) and (9). The parties are encouraged to cooperate fully in negotiating any future revision of this request.

{¶10} The special master finds that Parks' public records request was not limited to email identified by a reasonable time period, by topic, or by identified correspondents. Parks has not proven by clear and convincing evidence that he made a request that reasonably identified the records sought, and the request is thus unenforceable. This

conclusion does not restrict Parks from filing a new public records request that does reasonably identify the public records sought.

**Conclusion**

{¶11} Upon consideration of the pleadings and attachments, the special master recommends the court deny the claim for production of records. It is recommended costs be assessed to requester.

{¶12} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed December 22, 2021**
**Sent to S.C. Reporter 1/21/22**