[Cite as *Rose v. Ohio Dept. of Commerce*, 2023-Ohio-1856.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JOSEPH ROY ROSE | Case No. 2022-00711PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF COMMERCE | |
| Respondent | |

{¶1} In this public-records case, Respondent Ohio Department of Commerce objects to a Special Master's Report and Recommendation. The Court overrules Respondent's objections and adopts the Report and Recommendation for reasons set forth below.

## I. Background

{¶2} On October 4, 2022, Requester filed a public-records complaint in which he alleged that he had been denied access to public records by Respondent in violation of R.C.149.43(B). Requester states: "I have [lost] count on how many time[s] I've asked. How many different ways I've asked for records." The public-records complaint stems from a complaint made by Requester to Respondent in December 2021 about a certain mobile home park in which Requester questioned the mobile home park's compliance with certain legal requirements.

{¶3} The Court appointed a Special Master who referred the matter for mediation. Mediation failed to successfully resolve all disputed issues between the parties. After mediation concluded, Respondent filed a document labeled "Motion To Dismiss And Response To The Complaint" in which Respondent maintained that Requester's

underlying claim is moot and Requester failed to state a claim upon which relief can be granted under Civ.R. 12(B)(6).[1]

**{¶4}** On April 7, 2023, a Special Master issued a Report and Recommendation (R&R).  The Special Master notes that Respondent made some records available months after this case was filed.  (R&R, 2.)  The Special Master recommends (a) denying Respondent's Motion To Dismiss, (b) ordering Respondent to produce all records generated in connection with Requester's December 2021 complaint that have not already been produced, and (c) issuing an order that permits Requester to recover his filing fee and costs incurred in connection with this case.  (R&R, 8-9).

**{¶5}** On April 24, 2023, Respondent filed written objections to the Report and Recommendation.  In the objections, Respondent does not object to the Special Master's recommendation to deny Respondent's Civ.R. 12(B)(6) motion.

**{¶6}** Requester has not filed a timely response to Respondent's objections.

## II.　　Law and Analysis

**{¶7}** "'"The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people."'" *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 11, quoting *Dayton Newspapers, Inc. v. Dayton*, 45 Ohio St. 2d 107, 109, 341 N.E.2d 576 (1976), quoting *State ex rel. Patterson v. Ayers*, 171 Ohio St. 369, 371, 171 N.E.2d 508 (1960).  "[T]he purpose of Ohio's Public Records Act, R.C. 149.43, is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy." *State ex rel. WHIO-TV-7 v. Lowe*, 77 Ohio St.3d 350, 355, 673 N.E.2d 1360 (1997).  "Public records are one portal through which the people observe their government, ensuring its accountability, integrity, and equity while minimizing sovereign mischief and malfeasance." *Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 16.  *Compare New Hampshire Right to Life v. United States HHS*, 778 F.3d 43, 48-49 (1st Cir.2015), quoting Louis D. Brandeis, *Other People's Money* 92

---

[1]　　　　Respondent did not assert in its Motion To Dismiss And Response To The Complaint that an exception to disclosure applied to the requested public records.

(Frederick A. Stokes Co. 1914) ("FOIA [Freedom of Information Act] is the legislative embodiment of Justice Brandeis's famous adage, '[s]unlight is . . . the best of disinfectants'").

{¶8} Through the enactment of R.C. 2743.75, the General Assembly has created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶9} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶10} Under R.C. 2743.75(F)(2) parties may file written objections to a report and recommendation and responses thereto. *See* R.C. 2743.75(F)(2). Within seven business days after the response to the objection is filed, this Court "shall issue a final order that adopts, modifies, or rejects the report and recommendation." R.C. 2743.75(F)(2).

{¶11} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Respondent maintains in its objections that it properly denied Requester's request for public records because Requester did not reasonably identify records sought, and because Requester's request was overly broad and ambiguous. Respondent raised these same arguments before the Special Master. In response to the arguments, the Special Master stated:

> That justification is not persuasive. The substance of those requests, considered in light of the context known to the Department, was not ambiguous because they reasonably identified the records he asked for. That substance and context also avoided overbreadth by providing discernable bounds to the universe of responsive records.

(R&R, 5.)

{¶12} In *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 26, the Supreme Court of Ohio determined that a request "must be analyzed under the totality of facts and circumstances." And in *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 33, the Supreme Court of Ohio determined that a request "must be considered in the context of the circumstances surrounding it."

{¶13} Here, the Special Master considered the totality of facts and circumstances in his analysis. The Special Master noted:

> The background of Mr. Rose's requests, the "the context" and "circumstances surrounding" them, was his complaint about a mobile home park operated by the Society of Sportsmen, Inc. That complaint was made in December of 2021 to Bryant Hillman, a specific Department official. *Respondent's Evidence*, pp. 4-6. The Department understood that context. *Id.* at p. 14 ("I see you filed a complaint with our Division that alleged the existence of an unlicensed manufactured home park"); 16 (referencing the "complaint you submitted" and "the property at issue in your complaint"); 22 ("I see that your complaint was filed December 3, 2021").

(R&R, 6.)

{¶14} The Court agrees with the Special Master's application of law regarding overbreadth and ambiguity under the specific facts of this case. Notably, in *Ohio Sunshine Laws 2023: An Open Government Resource Manual*," the Ohio Attorney General advises, "An ambiguous request is one that lacks the clarity a public office needs to determine what the requester is seeking and where to look for records that might be responsive, and/or when the wording of the request is vague or subject to interpretation. A request can be overly broad when it is so inclusive that the public office is unable to identify the records sought based on the manner in which the office routinely organizes and accesses records**.**" (Footnote omitted.) *Ohio Sunshine Laws 2023: An Open Government Resource Manual*, 13.

{¶15} In the Complaint, Requester asserts that "my complaint was made on or about December 17 [], 2021," that "at the time of my first records request it was May 2-22 about," and that "at best may be five months of records on my request." In an email to Bryant Hillman dated July 20, 2022, Requester states: "It's been a while since we talked about the Society of Sportsmen inc. Club, It's now been about 7 Months since I first made my complaint with your agency, that said I'd like to do a Records Request for all of the records generated so far with your agency please."

{¶16} When reviewing together the Complaint and Requester's emails to Bryant Hillman, it appears that the records sought here are those public records that were generated by Respondent from the date of Requester's complaint in December 2021 about a mobile home park operated by the Society of Sportsmen, Inc. Given the delay in receiving responsive public records, Requester sought additional public records about the same mobile home park stemming from Requester's complaint in December 2021. The Court does not interpret Requester's request as seeking all public records about the Society of Sportsmen, Inc. that ever may have been generated by Respondent.

{¶17} In the Court's view, *based on the specific facts of this case and the totality of the circumstances*, the request made by Requester is reasonably clear about the public records that he seeks, namely, existing records coming under Respondent's jurisdiction, which serve to document decisions, procedures, operations, and actions that Respondent may have taken in response to Requester's complaint filed in December 2021 about the mobile home park. *See* R.C. 149.011(G) (as used in R.C. Chapter 149, "records"

"includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in [R.C. 1306.01], created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office"); R.C. 149.43(A)(1) (as used in R.C. Chapter 149, "public record "means records kept by any public office, including, but not limited to, state * * *"). *See also Kish, supra*, at ¶ 20 (describing the expansive nature of the term "records").

{¶18} In the Court's view, Requester's request is not overly broad as Requester is not seeking duplication of all records having to do with a particular topic or particular type, every report filed with Respondent for a particular time period, or all emails sent or received by a particular email address with no subject matter and time limitation. *Compare State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 312, 750 N.E.2d 156 (2001) (request for "'any and all records generated, in the possession of your department, containing any reference whatsoever to * * *"); *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21 (requesting broad categories of records—complaint files and litigation files—that covered a lengthy   period of time—at least six years and potentially much longer); *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 754, 577 N.E.2d 444 (10th Dist.1989) (request to make available for inspection  and/or copying any and all traffic accident reports of record, alleged to be public records pursuant to the provisions of R.C. 149.43).

{¶19} The Court finds that, with respect to issues of overbreadth and ambiguity, the Special Master properly applied statutory law and case law as they existed at the time of the filing of the Complaint in this case.  *See* R.C. 2743.75(F)(1) (requiring a special master to submit a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of a complaint).

### III.    Conclusion

{¶20} The Court overrules Respondent's objections and adopts the Report and Recommendation.  The Court DENIES Respondent's Motion To Dismiss and ORDERS Respondent to produce all responsive public records that document actions that Respondent may have taken in response to Requester's complaint of December 2021

about the mobile home park at issue operated by the Society of Sportsmen, Inc. Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred byRequester, excepting attorney fees.  Court costs are assessed against Respondent.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 17, 2023**
**Sent to S.C. Reporter 6/5/23**