[Cite as *Webb v. Buckeye Schools*, 2024-Ohio-813.]

IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| SEAN M. WEBB | Case No. 2023-00700PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| BUCKEYE SCHOOLS | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F) report and recommendation. He recommends that (1) Respondent be ordered to produce all public records responsive to Requester's public records request, (2) that Requester recover his filing fee and costs, and (3) Respondent bear the balance of the costs of this case.

## I. Background.

{¶2} Requester Sean Webb has a dispute with the Respondent Buckeye Local School District ("the District"), apparently relating to his daughter. On November 6, 2023, he made a public records request of the District, seeking "[a]ll inbound and outbound email from Jeff Stanton and Dawn Kochsnek email addresses. You can redact any email content that is of any other children. *** I need every email from present, going back to September 1st of 2023." (Sic.). The District objected to the request because, in its view, the request was "overly broad unduly burdensome," sought the "complete duplication of voluminous files," and because it sought "all records having to do with a particular topic[.]" Mr. Webb offered to break his request into 6 separate requests and the District again objected that the requests "cumulatively [would] remain overly broad and unduly

burdensome." *Complaint*, filed November 9, 2023, pp. 2, 3, 6; *Respondent's Evidence*, filed January 23, 2024, pp. 3-4, 6-8, 10, 12.[1]

{¶3} This case followed. Mediation was unsuccessful, so a schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, and the case is ripe for decision. *Order Terminating Mediation*, entered January 5, 2024.

## II. Analysis.

### A. Respondent's motion to dismiss should be denied because it relies on matters beyond the complaint.

{¶4} The District moves to dismiss this case pursuant to Civ. R. 12(B)(6). A Civ. R. 12(B)(6) motion cannot be granted if the movant relies on evidence outside the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). The Department's motion is based on evidentiary materials that go beyond Mr. Webb's complaint. *MTD*, p. 2. It should therefore be denied.

### B. The requests at issue are enforceable.

{¶5} The District justifies denying Mr. Webb's requests by asserting that they were overbroad, unduly burdensome, and request the complete duplication of voluminous records. Those contentions are rebutted by the record.

#### 1. The requests were not overbroad.

{¶6} R.C. 149.43(B)(2) allows a public office to refuse an allegedly overbroad request if "the public office *** *cannot reasonably identify what public records are being requested*[.]" (emphasis added). Consistent with that, the cases have rejected overbreadth defenses when requests sufficiently identified the records sought. *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶¶ 35-37*; State ex rel. Bott Law Group, LLC v. Ohio Dept. of Natural Resources*, 10th Dist. Franklin No. 12AP-448, 2013-Ohio-5219, ¶ 40; *Sinclair Media III, Inc. v. City of Cincinnati*, Ct. of Cl. No. 2018-01357PQ, 2019-Ohio-2623, ¶ 8. A request is not overbroad if it "the requester sets discernable bounds by identifying the subject matter, officials with

---

[1] All references to specific pages of the *Complaint* and *Respondent's Combined Response and Motion to Dismiss*, filed February 6, 2024, ("*MTD*") are to the pages of the PDF copies posted on the court's docket, rather than to any internal pagination of those filings.

knowledge of the subject matter, and a relevant time frame." *Rose v. Ohio DOC*, Ct. of Cl. No. 2022-00711PQ, 2023-Ohio-1488, ¶ 25, adopted 2023-Ohio-1856.

{¶7} Mr. Webb's requests provided sufficient information to allow the District to identify the responsive records. He identified the subject matter, the dispute regarding his daughter, by expressly disclaiming interest in records pertaining to other subjects. He identified the relevant officials, Mr. Stanton and Ms. Kochsnek. He identified the relevant time period, that between September 1, 2023, and his November 6, 2023, request. That reasonably identified the responsive records and hence precluded the District's overbreadth objection.

{¶8} That is not changed by the District's assertion that the request was overbroad because it sought "all records having to do with a particular topic[.]" Nothing in the text of R.C. 149.43 precludes requests comprehensively addressing a topic if the request is sufficiently specific and courts are not free to add provisions the legislature omitted. *State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 163 Ohio St.3d 314, 2020-Ohio-5149, 170 N.E.3d 748, ¶ 24. Further, although requesting "any" and "all" records about a subject "can signal overbreadth in some cases," that language is "not automatically fatal. There is ample precedent enforcing requests phrased that way when, as here, the requester sets discernable bounds" to what records are requested. Rose, 2023-Ohio-1488, ¶ 25 (collecting cases). Finally, reading that limitation into R.C. 149.43 would undermine its utility as a "portal through which the people observe their government, ensuring its accountability, integrity, and equity while minimizing sovereign mischief and malfeasance." *Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 16. It would force requesters to address a topic through multiple requests, the propriety of which would be measured by undefined lines.

{¶9} Nor is it changed by the District's assertion that there are a large number of records responsive to Mr. Webb's requests. Legally, a request is not overbroad simply because there are many responsive records.

> the Supreme Court has also stated that the mere fact that a request might encompass a considerable number of documents does not automatically render it too broad to enforce. In *State ex rel. The Warren Newspapers, Inc. v, Hutson* (1994), 70 Ohio St.3d 619, 1994 Ohio 5, 640 N.E.2d 174, the relator sought to

review and copies certain files of a city police department, including any internal investigations for a five-year period and all incident or traffic reports for one year.

After initially noting that the request in question was somewhat broad, the Supreme Court ultimately concluded that the requirements of R.C. 149.43 had been met because the relator had sought files in specific categories for particular years. *Id.* at 624. *State ex rel. Dehler v. Kelly*, 11th Dist. Trumbull No. 2009-T-0084, 2010-Ohio-3053, ¶ 24.

Accord, *State ex rel. Ware v. Kurt*, 9th Dist. Summit No. 29622, 2023-Ohio-202, ¶¶ 17-18. Factually, the District has not proven that Mr. Webb's requests will generate many records. All it offers is an assertion in its unsworn memorandum, but such assertions are not evidence. *MTD*, p. 5, *Meadows v. Freedom Banc, Inc.*, 10th Dist. Franklin No. 03AP-1145, 2005-Ohio-1446, ¶ 20 ("Briefs and memoranda of law are not considered evidence").

### 2. The District's assertion that the requests were "unduly burdensome" is legally flawed and factually unsupported.

{¶10} The District's assertion that Mr. Webb's requests are "unduly burdensome" provides no defense to his claims. That is true for two reasons.

{¶11} Legally, the undue burden concept is based on Civ. R. 26(B)(6)(b)(i), but that Civil Rule does not apply to public records requests and there is no similar provision in R.C. 149.43. "The fact that numerous documents are requested and duplicating them might be a burdensome chore, or a time consuming task, is not listed as an exception or reason for failing to provide the records as set forth in R.C. 149.43[.]" *State ex rel. Bertolini v. Smith*, 10th Dist. Franklin No. 87AP-218, 1988 Ohio App. LEXIS 2994, at *3-4 (July 26, 1988). Consistent with that, the Supreme Court has repeatedly held that:

> *No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time.* The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time. *State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289, 358 N.E.2d 565 (1976) (Emphasis added).

Accord, *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 36; *State ex rel. Wadd v. City of Cleveland*, 81 Ohio St.3d 50, 53, 689 N.E.2d 25 (1998).

{¶12} Factually, even if that civil discovery standard was to be judicially grafted into R.C. 149.43, the District has not met its burden of showing that Mr. Webb's requests are unduly burdensome. The party asserting undue burden must demonstrate the burden by proving specific facts. "Conclusory or speculative statements *** are insufficient." 6 *Moore's Federal Practice - Civil* § 26.102. The District has pointed to nothing but the supposedly large number of responsive records, and has not proven even that fact.

### 3. Respondent has not shown that Requester seeks the complete duplication of voluminous files.

{¶13} The District invokes the principle that "R.C. 149.43 does not contemplate that any individual has the right to a complete duplication of the voluminous files kept by government agencies," *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (10th Dist.1989), but that principle is inapplicable for two independently dispositive reasons.

{¶14} *First, Mr. Webb did not seek a "complete duplication" of the Districts' records.* The principle announced in *Zauderer* was a response to a request for the entirety of a whole category of records *Id.* at 754. It has been applied in cases where requesters likewise sought complete bodies of records. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶¶ 4-7 (all of an official's correspondence during her time in office); *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶¶ 21-22 (all of a college's complaint and litigation files); *State ex rel. Davila v. City of Bellefontaine*, 3d Dist. Logan No. 8-11-01, 2011-Ohio-4890, ¶ 42 (all tapes recorded during the entire time a city recorded police communications); *State ex rel. Sprague v. Wellington*, 7th Dist. Mahoning No. 11 MA 112, 2012-Ohio-1698, ¶¶ 4, 6 (all of an office's policies*); State ex rel. Strothers v. Keenon*, 2016-Ohio-405, 59 N.E.3d 556 (8th Dist.), ¶¶ 23, 29 (all of an office's personnel files). In contrast, courts have found the "complete duplication" rule inapplicable when the requester seeks a discrete subset of a particular type of records. *State ex rel.*

*Warren Newspapers v. Hutson*, 70 Ohio St.3d 619, 624-625; 640 N.E.2d 174 (1994), *State ex rel. Dehler v. Kelly*, 11th Dist. Trumbull No. 2009-T-0084, 2010-Ohio-3053, ¶¶ 25, 26; *State ex rel. Waterman v. Akron*, 9th Dist. Summit C.A. NO. 14507, 1992 Ohio App. LEXIS 5417 (Oct. 21, 1992), ** 4-5.

{¶15} Mr. Webb does not seek a complete duplication of any particular type of records. He instead seeks a subset of a subset of a subset of one type of record, emails to or from two specific employees, sent or received during a specific period, dealing with a specific topic (his daughter).

{¶16} *Second, the District has not shown that the responsive records are "voluminous."* The rule does not apply when the office does not provide evidence establishing the volume of responsive records. *State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶¶ 2, 28; *Warren Newspapers*, 70 Ohio St.3d at 624-625; *Kelly*, 2010-Ohio-3053, ¶ 14.

{¶17} The Department has not proven that the number of records responsive to Mr. Webb's requests would be voluminous. Its unsworn memorandum asserts that there are 17,494 responsive emails, *MTD*, p. 5, but that memorandum is not evidence. *Meadows*, 2005-Ohio-1446, ¶ 20. Further, the special master does not find that otherwise unsupported figure persuasive; it is hard to believe that two employees could be involved in that many emails within two months with regard to the entirety of their duties and even harder to believe that Mr. Webb's daughter was the subject of that many emails.

**C. Costs**.

{¶18} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Mr. Webb was aggrieved by the District's improper denial of his requests. He is therefore entitled to recover his filing fee and all costs incurred in this case. The District should bear the balance of the costs of this case.

**III. Conclusion**.

{¶19} Base on the foregoing the special master recommends that:

A. Respondent be ordered to produce all public records responsive to Requester's public records request.

B. Requester recover his filing fee and costs.

C. Respondent bear the balance of the costs of this case.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed February 27, 2024**
**Sent to S.C. Reporter 3/7/24**