[Cite as *Schaffer v. Ohio State Univ.*, 2025-Ohio-5647.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alex Schaffer, | : | |
| Requester-Appellee, | : | No. 25AP-215 |
| | | (Ct. of Cl. No. 2024-00814PQ) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| The Ohio State University, | : | |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on December 18, 2025

**On brief:** *Alex Schaffer*, pro se. **Argued:** *Alex Schaffer*.

**On brief:** *Isaac Wiles Burkholder & Miller LLC*, *Scott O. Sheets*, and *Gareth A. Whaley*, for appellant. **Argued:** *Scott O. Sheets*.

APPEAL from the Court of Claims of Ohio

DINGUS, J.

{¶ 1} Respondent-appellant, The Ohio State University ("OSU"), appeals a decision from the Court of Claims of Ohio which ordered OSU to produce emails in response to requester-appellee, Alex Schaffer's, public records request. For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 12, 2024, Schaffer submitted a request to OSU seeking records from OSU President Walter Carter. Schaffer requested "[a]ll emails to and from the following email address between the dates of 11/1/2024 and 11/11/2024: Carter.2194@osu.edu." (Nov. 20, 2024 Compl., Attachment 1.) Schaffer additionally requested all text messages sent to and from President Carter in the same date range. On

November 20, 2024, OSU responded stating the requests "are improperly overbroad, voluminous, and do not ask for records with sufficient specificity or particularity to allow us to identify the records you seek." (Nov. 20, 2024 email attached to Compl.) OSU explained that "[g]enerally, public records requests for communications must identify a specific sender, recipient, date range, and topic or subject matter. Your requests for communications do not provide us with other individuals beyond President Carter that may be involved or topic(s)/subject matter(s) discussed, and we are unable to process these requests in their current form." (Nov. 20, 2024 email attached to Compl.) A little over one hour after OSU sent its response, Schaffer filed a complaint in the Court of Claims seeking to compel OSU to produce the requested records.

{¶ 3} The Court of Claims assigned a special master to review the complaint under R.C. 2743.75(D)(2). The special master determined the matter should bypass the mediation process under R.C. 2743.75(E)(1) and ordered each of the parties to submit all evidence in support of their respective positions. OSU's evidence consisted of Schaffer's request, OSU's response, and an affidavit from OSU's records custodian indicating that OSU informed Schaffer that his request was overbroad. Schaffer submitted an affidavit and copies of the parties' correspondence regarding Schaffer's records request, along with a November 8, 2024 news article about OSU's plan to continue funding scholarships for non-revenue generating varsity sports and a December 6, 2024 article about a lawsuit related to arrests on OSU's campus during pro-Palestine demonstrations.

{¶ 4} The special master recommended denying Schaffer's request for President Carter's text messages. He determined the request was overbroad because it could apply to multiple cell phone numbers and would include many private, personal communications that would not qualify as public records. He recommended granting relief regarding the emails, concluding that the request was adequately specific pursuant to *State ex rel. Cleveland Assn. of Rescue Emps. v. Cleveland*, 2023-Ohio-3112, and *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110. The special master concluded that by referencing a specific official, a specific email account, and a discrete period of 11 days, Schaffer reasonably limited the scope of the request and identified the records with reasonable clarity. The special master rejected OSU's argument that the email request sought a complete duplication of voluminous records, reasoning that the requested records were a

small subset of President Carter's records, and OSU failed to provide any evidence about the volume of the responsive records.

{¶ 5} OSU objected to the special master's report and recommendation, arguing that the decision improperly extended *Rescue Employees* to reach its conclusion. The Court of Claims overruled OSU's objections and adopted the special master's report and recommendation. OSU now appeals and asks this court to reverse the decision below and conclude that OSU was not obligated to provide any records in response to Schaffer's request.

## II. Assignments of Error

{¶ 6} OSU assigns the following three assignments of error for our review:

> [I.] The Court of Claims erred in overruling Appellant's objections and adopting the Special Master's Report and Recommendation, which relied on an improper extension of the Ohio Supreme Court's holding in *State ex rel. Cleveland Assn. of Rescue Employees v. City of Cleveland*, 2023-Ohio-3112, and not the ordinary application of existing caselaw.

> [II.] The Court of Claims erred in holding that Appellee's request for public records did not seek a duplication of an entire category of documents.

> [III.] The Court of Claims erred in failing to apply Ohio Supreme Court precedent that provides the applicable standard for overbroad public records requests.

## III. Discussion

{¶ 7} We can resolve all of OSU's arguments in a unified analysis, and we therefore address all three assignments of error together.

{¶ 8} Requests for public records generally involve both legal questions regarding the meaning of provisions within the Public Records Act, R.C. 149.43, as well as factual questions regarding the context underlying a specific request. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 37. When determining a mixed question of law and fact, we defer to the factual findings of the trial court while applying a de novo standard of review to the court's legal holdings. *Id.* In reviewing questions of law related to the meaning of the Public Records Act, we construe R.C. 149.43 "liberally in favor

of broad access, and any doubt must be resolved in favor of disclosure of public records." *State ex rel. Thomas v. Ohio State Univ.*, 1994-Ohio-261, ¶ 7.

{¶ 9} The Public Records Act requires public offices and officials to "organize and maintain public records in a manner that they can be made available for inspection or copying" on request. R.C. 149.43(B)(2). When "any person" requests copies of public records, the public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). However, a public office may deny "an ambiguous or overly broad request," or one that does not allow the public office to "reasonably identify what public records are being requested." R.C. 149.43(B)(2). The purpose of requiring certainty and particularity regarding the records requested is to allow the public office to be able to identify and locate the records without performing extensive research. *See State ex rel. Carr v. London Corr. Inst.*, 2015-Ohio-2363, ¶ 21-22.

{¶ 10} Whether a request is ambiguous, overbroad, or does not reasonably identify the records being requested depends on the circumstances. *See State ex rel. Zidonis v. Columbus State Community College*, 2012-Ohio-4228, ¶ 26 (determination of overbreadth "must be analyzed under the totality of facts and circumstances"); *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 33 (specificity and propriety of a request "must be considered in the context of the circumstances surrounding it"). *See also Rescue Employees* at ¶ 24, citing *Zidonis*. A request is overbroad if it is " 'unreasonable in scope' " or " 'would interfere with the sanctity of the recordkeeping process itself.' " *Zidonis* at ¶ 21, quoting *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756 (10th Dist. 1989). The Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies." *State ex rel. The Warren Newspapers v. Hutson*, 1994-Ohio-5, ¶ 22, citing *Zauderer*. A request for "whole categories" of records "without *any* limitation as to content or time period" is overbroad. (Emphasis added.) *Zidonis* at ¶ 23.

{¶ 11} Conversely, a public records request is not overbroad as a matter of law merely because it fails to " 'specify the author and date of the records requested.' " *Carr* at ¶ 23, quoting *Morgan* at ¶ 37. A public records request is also not overbroad simply because it fails to include search terms. *Rescue Employees*, 2023-Ohio-3112, at ¶ 24. Requiring a

requester to narrow their request by subject may be appropriate if the public office indicates that it organizes its records by subject. *See Rescue Employees* at ¶ 21, discussing *State ex rel. Bristow v. Baxter*, 2018-Ohio-1973, ¶ 12 (6th Dist.). However, even where a public office rightfully denies a public records request based on overbreadth or other lack of specificity, the office must "provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties." R.C. 149.43(B)(2).

{¶ 12} If a public office fails to comply with its statutory obligation of " 'informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course,' " the public office cannot later object to the public records request as having been overbroad. *State ex rel. Summers v. Fox*, 2020-Ohio-5585, ¶ 74, quoting R.C. 149.43(B)(2). If the public office does not organize its records by subject or if the public officer is able to identify the requested records irrespective of subject, then it would be inappropriate to deny a records request based on the failure to specify a subject. It is particularly improper to require a requester to provide additional information when " 'it is evident that the public office [is] aware of the specific records requested.' " *Carr*, 2015-Ohio-2363, at ¶ 23, quoting *Morgan* at ¶ 37.

{¶ 13} Here, OSU rejected Schaffer's request for 11 days' worth of President Carter's emails because the request did not identify the other party or parties to the email correspondence and did not narrow the request by subject matter. OSU did not indicate that it maintained President Carter's emails by subject matter, identity of the sender, or recipient. Instead, OSU claimed that such information is "[g]enerally" required in any public records request. (Nov. 20, 2024 email attached to Compl.) During oral argument, OSU conceded that they are able to identify all of the emails sent to and from President Carter's OSU email account during the 11-day period. Because OSU did not indicate that it stored the requested records by subject matter, identity of the sender, or recipient, and because OSU was aware of the specific records that Schaffer requested, its denial of Schaffer's request was improper.

{¶ 14} Although OSU is able to identify the records that are responsive to Schaffer's request, OSU insists in its second and third assignments of error that it rightfully rejected

Schaffer's request as overbroad because the request sought the "duplication of an entire category" of records. (Appellant's Brief at 9, 14.) And OSU maintains in its first assignment of error that the judgment of the Court of Claims must be reversed because the court incorrectly relied on *Rescue Employees* to rule in Schaffer's favor.

{¶ 15} The relevant request in *Rescue Employees* was for "all emails" to and from a city employee's email address for a period of 27 days. *Rescue Employees*, 2023-Ohio-3112, at ¶ 2. The public office rejected the request as overbroad and indicated that a revised request should provide additional details, including "search terms." *Id*. at ¶ 3. The Supreme Court of Ohio held that the failure to specify search terms did not render the request overbroad as a matter of law. *Id*. at ¶ 25. The Supreme Court also held that the request was not overbroad under the specific facts of the case; the request was for "email correspondence, not all communications without limitation, and therefore did not require 'a complete duplication' of the city's 'voluminous files.' " *Id*. at ¶ 27, quoting *State ex rel. Glasglow v. Jones*, 2008-Ohio-4788, ¶ 17. Further, the request for emails to and from a city employee's email address over a 27-day period was "straightforward and not overly burdensome." *Id*.

{¶ 16} OSU argues that *Rescue Employees* is distinguishable from the present case because the public office in *Rescue Employees* argued that a public records request is automatically overbroad if it fails to specify search terms, whereas OSU is arguing that it rejected Schaffer's request as overbroad based on the specific circumstances of the request. We disagree with OSU's portrayal of its position. As noted above, OSU rejected Schaffer's request based on what it believed was "[g]enerally" required in any public records request. (Nov. 20, 2024 email attached to Compl.) OSU provided no context or specific facts to justify its rejection. We find no meaningful distinction between OSU's position and the position of the public office in *Rescue Employees*, and we conclude that the Court of Claims properly relied on *Rescue Employees* to reach its decision.

{¶ 17} Finally, OSU urges this court to consider the reasonableness of Schaffer's request in light of the many requests he has sent to OSU. OSU cites to a subsequent case in the Court of Claims in which a special master advised the court to dismiss 23 of Schaffer's cases "to keep from becoming a party to abuse of the public records laws," noting that Schaffer had made over 1,000 public records requests to OSU in 2024 and appeared to be

on track to do the same in 2025. (Emphasis omitted.) *Schaffer v. Sheets*, 2025-Ohio-1007, ¶ 10, 14 (Ct. of Cl. ). We note that OSU had the opportunity to provide evidence to the Court of Claims regarding the specific circumstances surrounding Schaffer's request, and OSU failed to do so. While we are sympathetic to OSU's predicament, we are bound by the fact that OSU failed to develop any factual support for its argument in the proceedings below. *See State v. Drain*, 2022-Ohio-3697, ¶ 143 (claims that "rely on facts outside the record" cannot be "appropriately considered on direct appeal").

{¶ 18} None of OSU's assignments of error identify reversible error in the decision of the Court of Claims, and we therefore overrule all three.

## IV. Disposition

{¶ 19} In conclusion, we find the Court of Claims did not err in ordering OSU to produce emails in response to Schaffer's public records request. We therefore overrule OSU's three assignments of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____