[Cite as *Kanter v. Cleveland Hts.*, 2018-Ohio-5016.]

| | |
|---|---|
| GARRY KANTER | Case No. 2018-01092PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER</u> |
| CITY OF CLEVELAND HEIGHTS | |
| Respondent | |

{¶1} On May 6, 2018, requester Garry Kanter sent a letter to respondent City of Cleveland Heights making the following request:

> Please provide in electronic form all communications, messages, schedules, logs, and documents shared, between the City of Cleveland Heights - including, but not limited to, Police Chief Jeff Robertson - and employees of The Cleveland Jewish News, between March 20, 2013 and April 12, 2013, regarding Garry Kanter.

(Complaint at 2.) On May 15, 2018, the City responded that the request was "denied on the basis that it is vague, overly broad, and/or ambiguous because it fails to identify with reasonable and sufficient clarity the particular records being sought." (*Id.* at 2-3.) The City invited Kanter to revise his request, and offered to "discuss the manner in which the City ordinarily maintains and accesses its records such that you may craft a successful, revised request." (*Id.* at 3.) Over the next five weeks, the parties exchanged proposed modifications of the request. The City provided some explanation as to how it did and did not maintain records, and conducted an electronic search for a narrowed description of responsive email. (*Id.* at 6-48.)

{¶2} On July 18, 2018, Kanter filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, the City filed a motion to dismiss (Response) on the grounds that the request was properly denied as vague, ambiguous, and overly broad. (Response, *passim.*) On October 23, 2018, special master Jeffery Clark issued a report recommending that the

court find that requester's public records request had been rendered moot and/or was properly denied by respondent as ambiguous and overly broad.

{¶3} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * * ." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶4} Court costs are assessed against the requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK M. MCGRATH
Judge


**Filed November 30, 2018**
**Sent to S.C. Reporter 12/14/18**