[Cite as *Cass v. Mercer Cty. Sheriff's Office*, 2025-Ohio-478.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| FREDERICK S. CASS | Case No. 2025-00049PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION FOR DISMISSAL</u> |
| MERCER COUNTY SHERIFF'S OFFICE | |
| Respondent | |

{¶1} This matter is before me following a R.C. 2743.75(D)(2) examination of the complaint. Based on that examination I recommend that this case be dismissed because it fails to state a claim.

## I. Background.

{¶2} On January 24, 2024, Requester Frederick Cass made a multi-part public records request to the respondent Mercer County Sheriff's Office. The relevant part sought "paper cop[ies] off all kites on the kiosk from combined public communications from January 1, 2022 to January 1, 2024."[1]  Respondent denied that request as ambiguous and overbroad. *Complaint*, filed January 21, 2025, pp. 11, 12.[2]

{¶3} Mr. Cass filed this case to challenge that denial. I was appointed as special master and examined the complaint pursuant to R.C. 2743.75(D)(2).

## II. Analysis.

---

[1]  A kite "is a type of written communication between an inmate and a prison-staff member." *State ex rel. Clark v. Dept. of Rehab. & Correction*, 2023-Ohio-4183, ¶ 1.

[2] All references to specific pages of the *Complaint* are to the pages of the PDF File posted on the court's docket.

{¶4} R.C. 2743.75(D)(2) requires the special master to examine complaints and authorizes him to recommend dismissal in appropriate cases. Dismissal is appropriate if the complaint fails to state a claim upon which relief can be granted. *Thompson v. Cuyahoga Cty. Sheriff's Dept.*, 2018-Ohio-1577, ¶ 11 (Ct. of Cl.); *Paramount Advantage v. Ohio Dept. of Medicaid*, 2021-Ohio-4180, ¶ 27 (Ct. of Cl.). See also *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161, (1995) ("sua sponte dismissal without notice is appropriate where *** the claimant obviously cannot prevail on the facts alleged in the complaint"). That is appropriate here because the portion of the records request at issue here[3] is facially overbroad. See *Ryan v. City of Ashtabula*, 2023-Ohio-621, ¶¶ 7, 9, 13, 18, 20, 25, Adopted, 2023-Ohio-1487 (Ct. of Cl.) (R.C. 2743.75(D)(2) (claim properly dismissed because of facial defect in the public records underlying the complaint)

{¶5} Mr. Cass sought paper copies "off all kites on the kiosk from combined public communications from January 1, 2022 to January 1, 2024." As mentioned above, respondent denied the request as being overbroad. It was correct in doing so. *Complaint*, pp. 11, 12.

{¶6} A request is not overbroad if it is bounded by reasonable temporal limitations, identifies a subject matter, and identifies or is directed towards specific officials. *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶¶ 25, 26; *Rose v. Ohio DOC*, 2023-Ohio-1488, ¶ 25, adopted 2023-Ohio-1856 (Ct. of Cl.). Mr. Cass' request lacks most of those boundaries. It is not limited to kites sent to or concerning specific officials. It is not limited to kites involving particular subjects. Its two year coverage pushes the limits of temporal reasonableness. It is therefore unenforceable, and hence provides no basis for a claim here.[4]

## III. Conclusion.

{¶7} Based on the foregoing, I recommend that the court:

---

[3] Mr. Cass' request had multiple parts, but the only portion mentioned in the body of the *Complaint* is the part seeking copies of kites. That is the only part that is properly before the court. *Schaffer v. Ohio State Univ.*, 2024-Ohio-2185, ¶¶ 58-65, adopted 2024-Ohio-2625 (Ct. of Cl.)

[4] Although this case fails, Mr. Cass is free to submit a more narrowly framed request.

A.  Dismiss this case pursuant to R.C. 2743.75(D)(2).

B.  Assess costs against requester.

_____
TODD MARTI
Special Master

**Filed January 23, 2025**
**Sent to S.C. Reporter 2/13/25**