[Cite as *Kent v. Ohio Dept. of Edn. & Workforce*, 2026-Ohio-1320.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BERNADINE K. KENT | Case No. 2025-00977PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO DEPARTMENT OF EDUCATION AND WORKFORCE (ODEW) | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) enter judgment for respondent, (2) grant respondent's motion to strike, and (3) order requester to bear the costs of this case.

### I. Background

#### A. The public records request

{¶2} On September 4, 2025, Requester Bernadine Kent submitted the public records request at issue in this case. *Complaint, filed Dec. 1, 2025*, p. 1*; see also Req. Evidence, filed Feb. 25, 2026*, p. 2, 9-11. The request asked Respondent Ohio Department of Education and Workforce for

> [A]ll records created, received, or maintained by the Ohio Department of Education and Workforce from August 8, 2025 to the present that reference me directly. This request is limited to: 1. Internal ODEW communications (emails, memoranda, notes, meeting agendas, calendar entries, attachments, etc.) referencing Bernadine Kennedy Kent or kentforohio@gmail.com. 2. External communications with legislators or their staff (emails, letters, memos, meeting notes, etc.) where I am referenced by name, email address, or otherwise discussed. For clarity, this request excludes: • Emails or correspondence that I personally sent to ODEW. • Direct responses sent from ODEW staff back to me.

*Compl.*, p. 6; *Resp. Evidence, filed Mar. 3, 2026*, p. 4 ¶ 4.

{¶3} On November 17, 2025, the Department denied the request as overly broad. *Compl.*, p. 12-14; *Req. Ev.*, p. 2, 13-15; *Resp. Ev.*, p. 4 ¶ 7.

### B. Procedural history

{¶4} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Feb. 18, 2026.*

## II. Analysis

### A. Requester is not entitled to R.C. 149.43 relief.

{¶5} *Production claim.* To compel production of public records, a requester must "plead and prove facts" demonstrating a request for "an identifiable public record" and the public office's denial of that request. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. Ms. Kent argues that the Department incorrectly denied her public records request as overly broad.

{¶6} A public office does not violate the Public Records Act by refusing to produce records in response to an overly broad request. R.C. 149.43(B)(2); *Salemi v. Cleveland Metroparks*, 2014-Ohio-3914, ¶ 26 (8th Dist.). A request is overbroad if it seeks complete duplication of a whole category of records. *State ex rel. Zidonis v. Columbus State Community College*, 2012-Ohio-4228, ¶ 21; *State ex rel. Dehler v. Spatny*, 2010-Ohio-5711, ¶ 3. In contrast, a request is not overbroad if it is bounded by reasonable time limitations, identifies a subject matter, and identifies or is directed towards specific officials. *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶¶ 25, 26; *Rose v. Ohio DOC*, 2023-Ohio-1488, ¶ 25, adopted 2023-Ohio-1856 (Ct. of Cl.). This court has dismissed public records complaints based on overbroad requests. *Cass v. Mercer Cty. Sheriff's Office*, 2025-Ohio-478, ¶ 6, adopted 2025-Ohio-477 (Ct. of Cl.) (request seeking copies of all kites over a two-year period).

{¶7} Ms. Kent's request is overbroad and therefore unenforceable. While the request is limited by a reasonable timeframe (August 8 through September 4, 2025), it asks the Department to search for any records referencing Ms. Kent or her email address across the Department's 640 employees. *Resp. Ev.*, p. 4 ¶ 5; *see also Kanter v. Cleveland*

*Hts.*, 2018-Ohio-4592, ¶ 10-11, adopted 2018-Ohio-5016 (Ct. of Cl.) (finding a request unenforceable where, in part, the request was not "limited to a specific City department"). This request is also not tied to any background incident or context that the Department could use to identify responsive records. *See Rose*, 2023-Ohio-1488, ¶ 23 (Ct. of Cl.).

{¶8} Ms. Kent provides additional clarification of her request in her briefing. She argues that this "clarified request [] demonstrates that the records sought are identifiable communications maintained by specific custodians during a defined timeframe." *Req. Reply, filed Mar. 17, 2026*, p. 5. I disagree. This clarification demonstrates that Ms. Kent seeks email or text messages between specific Department employees, particular members of the Ohio General Assembly, and other state agencies. While this clarifying information was known to Ms. Kent, it does not appear to have been known by the Department. *Req. Reply*, p. 5; *see also Resp. Brief and Motion to Strike, filed Mar. 12, 2026*, p. 7-9. This information may have allowed the Department to identify the responsive records that Ms. Kent wanted.

{¶9} In response to an overbroad request, a public office must make sufficient efforts to help the requester refine their request. R.C. 149.43(B)(2). While the Department advised Ms. Kent that her request was overly broad, it does not appear that the Department provided any resources or information to allow her to revise her request. *Req. Ev.*, p. 2, 13-15; *Resp. Ev.*, p. 16-17. As noted above, Ms. Kent has provided further clarification of her request during this case. Under these circumstances, this court has "encouraged parties to persevere to achieve a mutually acceptable resolution of currently deficient records requests." *Paramount Advantage v. Ohio Dept. of Medicaid*, 2021-Ohio-4180, ¶ 29, adopted 2021-Ohio-4441 (Ct. of Cl.). I recommend the same here: while Ms. Kent is not entitled to relief on her overbroad public records request, Ms. Kent and the Department are encouraged to cooperate fully in negotiating any future revision of these requests.

{¶10} I find that Ms. Kent has not demonstrated that she made a request for identifiable public records and recommend that she is not entitled to production of public records.

{¶11} *Delay claim*. Ms. Kent also argues that the Department failed to respond to her request within a reasonable time. If it is denying a request, a public office is required

to provide the requester with an explanation. R.C. 149.43(B)(3). If the request was made in writing, the explanation for the denial must also be in writing. *Id*. This obligation does not have a timeliness requirement. *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 16. Because the Department denied Ms. Kent's request, I recommend the court find no delay violation.

{¶12} Still, I note the Department's denial was made approximately 52 business days after the request. The Department explains that Ms. Kent submitted many public records requests around this time, which contributed to the Department's response time. *Resp. Ev.*, p. 4 ¶ 3. Given these facts, the parties are reminded that some cooperation between the requester and public office is envisioned by the Public Records Act. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 18.

### B.  The Department's motion to strike should be granted.

{¶13} The Department also moves to strike two emails filed by Ms. Kent. *Resp. Brief and Motion to Strike, filed Mar. 12, 2026*, p. 5-6. The Department argues that the contested emails are mediation communications.

{¶14} Deciding a motion to strike evidentiary matter is within a court's broad discretion. *Whitt v. Wolfinger*, 2015-Ohio-2726, ¶ 13 (4th Dist.). Typically, the parties in a R.C. 2743.45 public records case are not permitted to file motions without the special master's permission. R.C. 2743.45(E)(2). Mediation, however, is a central feature of this public records dispute resolution process. R.C. 2743.45(E)(1). Successful mediation depends upon open communication between the parties, which is guaranteed by the mediation privilege. R.C. 2710.03. Because of the importance of this issue, I will consider the Department's motion to strike.

{¶15} The emails at issue were filed by Ms. Kent in her evidence presentation. *See Req. Evidence, filed Feb. 25, 2026*, p. 18-36. The emails are dated January 19, 2026, and January 20, 2026. At this time, the parties were in mediation and all deadlines in this case were stayed. *See Notice Referring to Mediation, entered Dec. 5, 2025*. The parties were notified that mediation communications were privileged. *Id*. A mediation conference was scheduled for January 26, 2026. *See Order Scheduling Mediation Conference, entered Jan. 7, 2026*. The emails clearly refer to the parties' mediation positions and were exchanged in preparation for the scheduled mediation conference. There is no evidence

that the parties and the mediator waived the mediation privilege. I therefore find that the contested emails are mediation communications, the mediation privilege was not waived by the parties and the mediator, and that the emails were filed on the court's public docket.

{¶16} For these reasons, I recommend that the court grant the Department's motion to strike. The content of the contested emails was not considered in this report and recommendation.

### C. Costs.

{¶17} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I do not find a violation of the Public Records Act, I recommend that Ms. Kent bear the costs of this case.

### III.    Conclusion

{¶18} Based on the above considerations, I recommend that the court:

1)  Enter judgment for respondent;

2)  Grant respondent's motion to strike; and

3)  Order requester to bear the costs of this case.

{¶19} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed March 25, 2026**
**Sent to S.C. Reporter 4/13/26**